IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREN ALI, | : | |
|     Petitioner | : | No. 1:22-cv-00903 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| WARDEN J. SAGE, | : | |
|     Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 in which Petitioner Tyren Ali ("Ali") challenges a career offender sentencing enhancement that was applied by the United States District Court for the District of New Jersey. Ali asserts that under United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc), he no longer qualifies as a career offender. The Court will dismiss the petition without prejudice for lack of jurisdiction.

I.    BACKGROUND

In December 2011, Ali pleaded guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841 and 846 in the United States District Court for the District of New Jersey. See United States v. Ali, 537 F. App'x 117, 118 (3d Cir. 2013). The court determined that he was a career offender under the United States Sentencing Guidelines based on three prior drug distribution convictions, which resulted in a base offense level of 34. See id. After applying a three-level reduction for acceptance of responsibility, the court determined that his guidelines sentencing range was 188-235 months of imprisonment and ultimately sentenced him to 204 months of imprisonment. See id. Ali appealed, arguing that his sentence was substantively unreasonable. See id. The United States Court of Appeals for the Third Circuit affirmed. See id. at 119. Ali moved to vacate, set aside, or correct his sentence on December 11, 2014. See Ali v. United States, No. 14-CV-7723, 2018 WL 4693962, at *4 (D.N.J. Sept. 28,

2018).  The District of New Jersey denied the motion on September 28, 2018.  See id.  Ali moved for a certificate of appealability, which the Third Circuit denied on March 14, 2019.  See Ali v. United States, No. 18-3384, 2019 WL 1953108, at *1 (3d Cir. Mar. 14, 2019).

On November 8, 2021, the Third Circuit, sitting en banc in Nasir, held that inchoate crimes are not included in the definition of controlled substance offenses for purposes of career offender sentencing enhancements.  See Nasir, 17 F.4th at 472.  Ali brings the instant petition to challenge his career offender designation in light of Nasir.  (Doc. No. 1.)  He asserts that he no longer qualifies as a career offender under Nasir and seeks resentencing on that basis.  (Id.)

## II.    LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III.   DISCUSSION

Dismissal of this case under Rule 4 is appropriate because the Court does not have jurisdiction to consider Ali's petition.  Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  The Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Section 2255(e), often referred to as the savings

clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." See id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." See id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

In this case, Ali challenges the application of a career offender sentencing enhancement under Nasir. Claims challenging the application of career offender sentencing enhancements are not cognizable in § 2241 habeas corpus petitions and must be brought via motions under § 2255. See, e.g., Garcia v. Warden Ft. Dix FCI, 596 F. App'x 79, 82 (3d Cir. 2014); Sorrell v. Bledsoe, 437 F. App'x 94, 96 (3d Cir. 2011); see also Okereke, 307 F.3d at 120-21 (noting that Dorsainvil exception does not apply when a petitioner challenges the length of his sentence and does not

3

assert that an intervening change in substantive law negated the crime for which he was convicted).

Moreover, even assuming that a claim challenging a career offender designation under Nasir could be raised in a § 2241 petition, Ali still has not shown that § 2255 is inadequate or ineffective to adjudicate his claim. In Nasir, the Court held that inchoate crimes are not included in the definition of controlled substance offenses for purposes of career offender sentencing enhancements. See Nasir, 17 F.4th at 472. Ali asserts that he is "no longer a career offender," see (Doc. 1 at 5), but he does not indicate which of his prior convictions no longer qualifies as a predicate offense under Nasir, and a review of Ali's § 2255 proceedings suggests that he was convicted of drug trafficking offenses and not inchoate offenses. See Ali, 2018 WL 4693962, at *2 (noting that Ali was convicted of heroin trafficking and cocaine trafficking in his predicate offenses). Accordingly, the Court concludes that it does not have jurisdiction to consider Ali's petition.

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction. An appropriate order shall issue.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania